IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT ON PENNSYLVANIA

| | | |
|---|---|---|
| PATRICIA AMBERG-BLYSKAL, | : | CIVIL ACTION |
| | : | NO. 10-06818 |
| v. | : | |
| | : | |
| TRANSPORTATION SECURITY | : | |
| ADMINISTRATION, et al., | : | |

MEMORANDUM

O'NEILL, J.                                                                                          June 1, 2011

Pro se plaintiff Patricia Amberg-Blyskal has sued the Transportation Security Administration, the Department of Homeland Security and the United States alleging an unidentified TSA employee stole jewelry from her checked bag on March 3, 2010. Plaintiff alleges that items were stolen from the bag she checked for US Airways flight 3257 from Philadelphia, Pennsylvania to Houston, Texas. Pl.'s Compl. at 3. Upon arrival in Houston, plaintiff discovered a TSA form [Rev 8-1-2004] in her luggage, indicating that a TSA agent had searched her bag. However, plaintiff was unable to find her wedding band, watch or bracelet all of which the plaintiff claims is valued at $5,546. Id. at 3-4. The plaintiff has recovered $1,000 from her homeowner's insurance policy toward the value of the jewelry. She seeks reimbursement of the remaining $4,546 from the TSA. Id. at 4. Presently before me are defendants' motion to dismiss plaintiff's complaint and her response in opposition thereto. I will dismiss plaintiff's complaint for the reasons that follow.

STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint for lack of subject matter jurisdiction. A motion under Rule 12(b)(1) may be treated as either a facial attack on the complaint or a factual challenge to the court's subject matter jurisdiction. Gould Elecs.,

Inc. v. U.S., 220 F.3d 169, 176 (3d Cir. 2000). A court reviewing a facial attack may consider only the allegations of the complaint and any documents referenced therein or attached thereto in the light most favorable to the plaintiff. Id. In reviewing a factual attack, a court may consider evidence outside the pleadings. Id. Defendants' motion presents a facial attack, so I will consider only the allegations of the complaint.

Plaintiff bears the burden of persuasion when subject matter jurisdiction is challenged, but the legal standard for surviving a Rule 12(b)(1) motion is a low one. Kehr Packages v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991). "[D]ismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only because the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" Kulick v. Pocono Downs Racing Ass'n, 816 F.2d 895, 899 (3d Cir. 1987), quoting Oneida Indian Nation v. Cnty. of Oneida, 414 U.S. 661, 666 (1974).

Because plaintiff "has filed [her] complaint pro se, [I] must liberally construe [her] pleadings, and . . . apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name." Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003), see also Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding pro se complaints to "less stringent standards than formal pleadings drafted by lawyers"). "Courts are to construe complaints so as to do substantial justice, keeping in mind that pro se complaints in particular should be construed liberally." Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004) (citation omitted).

DISCUSSION

Under the Federal Tort Claims Act (FTCA), specifically 28 U.S.C. §§ 1346(b), 2671-

2680, the United States consents to be sued only while an employee of the Government is "acting within the scope of his . . . employment." 28 U.S.C. § 1346(b)(1).[1] Defendants argue that I must dismiss plaintiff's complaint because the federal employee who allegedly stole her property was not acting within the scope of his employment. Plaintiff counters that the TSA is liable for the theft allegedly committed by its employee because the employee was acting within the scope of his employment when the theft was committed.

28 U.S.C. § 1346(b)(1) "allows plaintiffs to bring claims based on the action of Government employees when private persons engaging in analogous behavior would be liable under state law." CNA v. U.S., 535 F.3d 132, 138 (3d Cir. 2008). "'Congress has expressly stated that the Government's liability is to be determined by the application of a particular law, the law of the place where the act or omission occurred . . . .'" Smith v. U.S., 507 U.S. 197, 202 n.3 (1993), quoting Richards v. U.S., 369 U.S. 1, 9 (1962). As the alleged theft occurred in Pennsylvania, its law applies.[2] Under Pennsylvania law, "[a]n employer may be held vicariously

---

[1] Defendants assert that the TSA and Homeland Security cannot be named as proper parties because they are not the "United States" as it is defined by 28 U.S.C. §§ 1346(b), 2671-2680. Courts are divided on this question. See Rao v. U.S., No. 08-12027, 2010 WL 3607143, at *1 n.1 (D. Mass. Sept. 9, 2010) ("Under the FTCA, the United States is the sole party that may be sued for injuries arising out of the alleged negligence of its agencies or officers."), Bradley v. Transp. Sec. Admin., 552 F. Supp. 2d 957, 960 (E.D. Mo. 2008) ("The TSA is a division of the United States Department of Homeland Security, and is accordingly an agency of the United States government. Therefore, a lawsuit against the TSA is ultimately a lawsuit against the United States government."). Because I will dismiss plaintiff's complaint I do not need to decide this issue.

[2] It is reasonable to believe that the TSA would have searched plaintiff's bag where the flight originated. Nonetheless, even if Texas law were to apply to plaintiff's claim, it would be similarly likely to fail. Texas law requires that to be within the scope of employment, an employee's action be "in furtherance of the master's business, and for the accomplishment of the object for which the employee was hired." Bell v. VPSI Inc., 205 S.W.3d 706, 715 (Tex. App.-Fort Worth 2006), citing Leadon v. Kimbrough Bros. Lumber Co., 484 S.W.2d 567, 569 (Tex.

liable for the intentional acts of an employee if such acts are 'committed during the course of and within the scope of the [employee's] employment.'" Schloss v. Sears Roebuck & Co., No. 04-2423, 2005 WL 433316, at *2 (E.D. Pa. Feb. 24, 2005), quoting Fitzgerald v. McCutcheon 410 A.2d 1270, 1271 (Pa. Super. Ct. 1979). The conduct of an employee is considered "within the scope of employment" for purposes of vicarious liability if: "(1) it is of a kind and nature that the employee is employed to perform; (2) it occurs substantially within the authorized time and space limits; (3) it is actuated, at least in part, by a purpose to serve the employer . . . ." Fitzgerald, 410 A.2d, at 1272, citing Restatement (Second) of Agency § 228. Plaintiff cannot establish defendants' vicarious liability as she fails to satisfy either the first or third criteria.

TSA does not hire employees to steal personal belongings from airline passengers. Rather, its employees are hired in part to conduct authorized searches of baggage for security purposes. The theft of personal belongings is not within the "kind and nature" of conduct TSA employees are hired to perform. See Sullivan v. TSA, No. 10-16, 2010 WL 3269881, at *3 (D.N.H. Aug 19, 2010) ("the mere fact that the theft was made possible by or arose during a TSA-authorized search is, by itself, insufficient" to establish vicarious liability).

Plaintiff's allegations are not sufficient to prove the alleged theft was done with a purpose to serve the employer. The purpose of the TSA is to ensure safe commercial airline travel. The taking of items such as jewelry from luggage does nothing to promote safety. Rather, such an action can only be viewed as outside of the employer's control since it is motivated by the employee's personal gain.

---

1972).

Similar to the alleged facts of this case, in Bradley v. TSA 552 F. Supp. 2d 957 (E.D. Mo. 2008), an airline traveler found a TSA search slip in his luggage only to find his jewelry missing. Ruling on a motion to dismiss, the Court in Bradley found that the plaintiff had not sufficiently alleged a claim against the TSA where he failed to show that the TSA employee was acting within the scope of his employment. Missouri law required the plaintiff to show that the employee was working to further the purpose of the employer and for the "employer to be liable, the employee's negligent or wrongful conduct must not [have] 'arise[n] wholly from some external, independent, or personal motive.'" Bradley, 552 F. Supp. 2d 957, at 961, citing H.R.B. v. J.L.G., 913 S.W.2d 92, 97 (Mo. App. 1995). Here, as in Bradley, plaintiff's allegations are insufficient to demonstrate that the TSA employee was working within the scope of his employment.

Plaintiff's inability to show that the alleged actions of the TSA employee fall within Pennsylvania's definition of the scope of employment is fatal to her claim under the FTCA. Accordingly, I will grant defendants' motion to dismiss.

An appropriate Order follows.