IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICIA AMBERG-BLYSKAL | : | CIVIL ACTION |
| | : | NO. 10-06818 |
| v. | : | |
| | : | |
| TRANSPORTATION SECURITY | : | |
| ADMINISTRATION, et al. | : | |

O'NEILL, J.                                                              September 26, 2011

## MEMORANDUM

Plaintiff Patricia Amberg-Blyskal, proceeding pro se, alleges that an employee of defendant the Transportation Security Administration stole a ring, watch, and bracelet from a bag she checked with US Airways for a flight from Philadelphia, Pennsylvania to Houston, Texas. Am. Compl. ¶¶ 2, 3, 12. She asserts that when she checked her bag the items were inside in a makeup case inside of a plastic toiletry bag. Id. at ¶ 12. She contends that "[a]t all times between dropping off her bag and picking up her bag, upon information and belief, the bag was in possession of either US Airways or defendant." Id. at ¶ 15. Upon her arrival in Houston plaintiff found a "TSA Notice of Baggage Inspection" in the bag she had checked. Id. at ¶ 18. Plaintiff became aware that the items were missing at some point after her arrival. Id. at ¶ 2.

On June 1, 2011, I dismissed plaintiff's complaint, finding that plaintiff failed to state a claim under the Federal Tort Claims Act because her allegations were insufficient to demonstrate that the alleged actions of the culpable TSA employee fell within the scope of his or her employment. Plaintiff filed an amended complaint on July 20, 2011. Her amended complaint recasts her original claims as causes of action for negligence and bailment. Now before me is defendant's motion to dismiss plaintiff's first amended complaint and plaintiff's response

thereto. For the reasons that follow, I will grant defendant's motion.[1]

## STANDARD OF REVIEW

Defendant moves to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), which authorizes dismissal of a complaint for lack of subject matter jurisdiction. A motion under Rule 12(b)(1) may be treated as either a facial attack on the complaint or a factual challenge to the court's subject matter jurisdiction. Gould Elecs., Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). Because defendant's motion presents a facial attack on plaintiff's complaint, I will consider only the allegations of the amended complaint. See id.

Plaintiff bears the burden of persuasion when subject matter jurisdiction is challenged. Kehr Packages v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991). "[D]ismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only because the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" Kulick v. Pocono Downs Racing Ass'n, 816 F.2d 895, 899 (3d Cir. 1987), quoting Oneida Indian Nation v. Cnty. of Oneida, 414 U.S. 661, 666 (1974).

To the extent that defendant appears to assert that plaintiff's claim for bailment fails to state a claim upon which relief can be granted, the motion for dismissal is more properly considered under Rule 12(b)(6) than under Rule 12(b)(1). Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiff's

---

[1] Because I will dismiss plaintiff's amended complaint on other grounds, I need not reach the question of whether the TSA is a proper defendant to plaintiff's claims.

obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted).

Because plaintiff "has filed [her] complaint pro se, [I] must liberally construe [her] pleadings, and . . . apply the applicable law, irrespective of whether [she] has mentioned it by name." Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003), see also Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding pro se complaints to "less stringent standards than formal pleadings drafted by lawyers"). "Courts are to construe complaints so as to do substantial justice, keeping in mind that pro se complaints in particular should be construed liberally." Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004) (citation omitted).

## DISCUSSION

**I.    Negligence**

"The Federal Tort Claims Act waives sovereign immunity against persons suing the federal government for the commission of various torts." Simon v. United States, 341 F.3d 193, 199 (3d Cir. 2003). "[T]he United States is only liable [under the FTCA] for negligent or wrongful acts of government employees acting within their scope of employment." Matsko v. United States, 372 F.3d 556, 559 (3d Cir. 2004) (emphasis in original); see also 28 U.S.C. § 2670(b)(1). I dismissed plaintiff's original complaint, finding that plaintiff's allegations were insufficient to demonstrate that the TSA employee who allegedly stole her belongings was working within the scope of his employment at the time of the alleged theft. Amberg-Blyskal v.

Transp. Sec. Admin., No. 10-06818, 2011 WL 2149633, at *3 (E.D. Pa. June 1, 2011). Plaintiff's amended complaint now recasts her dismissed claim as a claim for negligent supervision by defendant.

Plaintiff contends that defendant owed her a "duty to screen her bags in a manner that would reasonable [sic] secure her from injury." Am. compl. ¶ 25. She further alleges that defendant "knew or should have known, especially in light of the abundance of theft surrounding the defendant and its employees, that failure to exercise reasonable care would have caused the loss of the belongings of travelers." Id. at ¶ 26. Plaintiff avers that defendant "failed to introduce reasonable policies to secure baggage from theft . . . includ[ing] use of video recording, requiring employees to note an ID number on Notice of Baggage Inspection forms, requiring bags to be inspected by two employees at once, search of employees leaving baggage areas, proper background checks, etc." Id. at ¶ 21.

As alleged in plaintiff's amended complaint, the negligence of defendants' employees is rooted in their positions as employees of the TSA. "[N]egligent supervision claims . . . rooted in supervisor-supervisee relationships at work [that] relate closely to the supervisee's employment status" are not permissible under the Federal Tort Claims Act. CNA v. United States, 535 F.3d 132, 149 (3d Cir. 2008). "[A] respondeat superior claim cannot be brought against the government simply by a plaintiff's use of the words 'negligent hiring, training, or supervision.'" Pottle v. United States, 918 F. Supp. 843, 848 (D.N.J. 1996). To survive defendant's motion to dismiss, plaintiff "must allege truly independent negligence." Id. She does not do so here. "[W]here there is no independent duty owed to the plaintiff, as in cases 'stem[ming] from negligent hiring, training or supervision'" a negligence claim against the Government "is nothing

more than a 'subterfuge to mask an otherwise precluded claim.'" Doughty v. U.S. Postal Serv., 359 F. Supp. 2d 361, 368 (D.N.J. 2005), quoting Matsko, 372 F.3d at 561 n.10. I will dismiss Count I of plaintiff's amended complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).[2]

## II.     Bailment

Plaintiff's amended complaint fails to state a claim for bailment because she does not allege that the TSA had exclusive possession of her property at the time of the alleged theft. Plaintiff's amended complaint alleges only that she delivered the bag containing her lost items to defendant "via the airline." Am. Compl. ¶ 29. She contends that she relinquished possession of her bag to US Airways in Philadelphia, and that thereafter her bag was "in the possession of either US Airways or [TSA]" until she reclaimed it in Houston. Id. at ¶¶ 11, 14, 16, 29.

Under Pennsylvania law,

> [a] bailment is a delivery of personalty for the accomplishment of some purpose upon a contract, express or implied, that after the purpose has been fulfilled, it shall be redelivered to the person who delivered it, otherwise dealt with according to [her] directions or

---

[2] Absent allegations with respect to any law or policy setting forth guidelines for the hiring, training or supervision of TSA employees, plaintiff's claim also "fail[s] under the discretionary function exception of 28 U.S.C. § 2680(a) (specifying that the provisions of the FTCA shall not apply to '[a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation . . . or based upon the exercise or performance [of] a discretionary function.')." CNA, 535 F.3d at 149 (alterations in original). "Hiring and supervising decisions are the types of discretionary acts that are susceptible to policy analysis and, thus, fall within the discretionary function exception." Woods v. United States, No. 07-593, 2007 WL 3243852, at *5 (D.N.J. Nov. 1, 2007); see also Burkhart v. Wash. Metro. Area Transit Auth., 112 F.3d 1207, 1217 (D.C. Cir. 1997) (holding that "decisions concerning the hiring, training, and supervising of WMATA employees are discretionary in nature, and thus immune from judicial review" where "[t]he parties have pointed to no law or policy 'specifically prescrib[ing]' guidelines for the hiring, training, or supervision of WMATA employees").

> kept until [she] reclaims it. Therefore a cause of action for breach
> of a bailment agreement arises if the bailor can establish that
> personalty has been delivered to the bailee, a demand for return of
> the bailed goods has been made, and the bailee has failed to return
> the personalty.

Price v. Brown, 680 A.2d 1149, 1151-52 (Pa. 1996) (internal citations omitted). "[T]o make out a prima facie case, it is incumbent upon the bailor to prove the bailment and that the goods were lost, destroyed, damaged while in the bailee's possession." Buckley v. Exodus Transit & Storage Corp., 744 A.2d 298, 307 (Pa. Super. Ct. 1999) (internal alterations omitted), citing Schell v. Miller N. Broad Storage Co., 16 A.2d 680, 683 (Pa. Super. Ct. 1940). In Buckley, plaintiff's belongings were damaged while in storage. Defendant was the second storage company to hold her belongings, having taken possession of them after the bankruptcy of the storage company with which plaintiff had originally stored her belongings. The Superior Court held that to recover for a breach of bailment from Exodus "it was incumbent upon [the plaintiff] to prove that the damage to her goods occurred while in the possession of Exodus." Id. Plaintiff's claim failed where she was not able to show "that only Exodus had sole possession of her goods to the exclusion of other bailees over whom Exodus had no control." Id.

      Plaintiff does not allege that defendant had sole possession of her luggage. Instead, she alleges that either the TSA or US Airways had possession of her luggage at the time of the alleged theft. Plaintiff merely speculates that "only TSA employees would have had access to the bag for this requisite time" (i.e., the time required to complete the alleged theft). Am. compl. ¶3. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Her allegations are not sufficient to

withstand defendant's motion to dismiss.  See Lieber v. Smith, 14 Pa. D. & C. 3d 647, 651 (Pa. Ct. Com. Pl. 1980) ("Since plaintiffs made no delivery to defendant of exclusive possession and control of their property, we conclude that no bailment was created."); Lehigh Aircraft Co. v. Lehigh-Northampton Airport Auth., 38 Pa. D. & C. 2d 601, 602 (Pa. Ct. Com. Pl. 1965) (emphasis added) ("Without delivery of possession by an alleged bailor to the alleged bailee, an essential element of bailment is lacking.").  I will dismiss Count II of plaintiff's amended complaint for failure to state a claim pursuant to Rule 12(b)(6).

### III.     Punitive Damages and Attorney's Fees

Because I will dismiss plaintiff's claims in their entirety, her request for punitive damages and attorney's fees is moot.  Even if plaintiff's claims could withstand defendant's motion to dismiss – and they cannot for the reasons stated above – she would not be permitted to recover punitive damages or attorney's fees.  As defendant asserts, "the FTCA clearly bars recovery of punitive damages against the U.S."  Michtavi v. United States, No. 07-0628, 2008 WL 5703727, at *5 (M.D. Pa. Oct. 14, 2008), citing 28 U.S.C. § 2674 ("The United States . . . shall not be liable for interest prior to judgment or for punitive damages.").  Further, "[u]nder the doctrine of sovereign immunity, the United States has no liability for the payment of attorney's fees absent express waiver."  In re Handel, 570 F.3d 140, 144 (3d Cir. 2009).  Plaintiff has not cited to any waiver of sovereign immunity that would apply to allow her claim for attorney's fees.

### IV.     Conclusion

I will dismiss plaintiff's amended complaint in its entirety.  Plaintiff has already once been permitted to amend her complaint and has been afforded opportunity to state a legally sufficient basis for her lawsuit.  Her claims are dismissed with prejudice, as further amendment

would be futile.  See Alston v. Parker, 363 F.3d 229, 235-36 (3d Cir. 2004) ("[E]ven when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile.").

      An appropriate Order follows.